IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEMANI JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>TARGET CORPORATION and<br>BENJAMIN SEREDUK,<br><br>        Defendants. | CIVIL ACTION<br>NO. 24-4095 |

**OPINION**

**Slomsky, J.**                                                                              **January 2, 2025**

**I.      INTRODUCTION**

    This case arises from a slip and fall at a Target store located at 4000 Monument Road, Philadelphia, Pennsylvania, on August 18, 2022, and concerns whether Defendants Target Corporation ("Target") and Benjamin Sereduk, an employee of Target (collectively "Defendants"), were negligent in failing to reasonably inspect the Target store and failing to clean up a puddle of water, which created a dangerous and unsafe condition. (Doc. No. 1.) Plaintiff alleges she slipped on the puddle of water and then fell causing her injuries. (Id. at 16.)

    The case was originally filed in and remained in state court for over one (1) year. Then, on August 8, 2024, Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441(a), arguing that sufficient diversity of citizenship jurisdiction exists between the parties under 28

U.S.C. § 1332(a).[1,2]  (Id. at 1.)  They also argue that Defendant Sereduk was fraudulently joined in this case in an attempt to defeat diversity of citizenship jurisdiction.  (Id. at 2-3.)

Plaintiff filed a Motion to Remand this case to state court, averring that Defendants do not meet the citizenship requirements for diversity jurisdiction.  (Doc. No. 6.)  Plaintiff also argues that Defendants failed to file the Notice of Removal within one (1) year after the commencement of the action in state court as required by 28 U.S.C. § 1446(c)(1), and these two failures support remand.[3]

Plaintiff's Motion to Remand (Doc. No. 6) will be granted.  Defendants failed to file the Notice of Removal within one (1) year of the filing of the Complaint in state court.  In addition, no bad faith by Plaintiff has been shown that would warrant extending the one (1) year time requirement for removal.

---

[1]  28 U.S.C. 1441(a) reads in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2]  28 U.S.C. 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States. . .

[3]  28 U.S.C. § 1446(c)(1) states:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

## II. BACKGROUND

On July 31, 2023, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging negligence against Defendants. (Id. at 13.) The Complaint states in relevant part:

> 8.  On or about August 18, 2022, while on Defendants' premises Plaintiff was caused to slip and fall on a puddle of water that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

(Id. at 16 ¶ 8.)

On October 13, 2024, Defendants filed Preliminary Objections to the Complaint in state court, alleging improper service on both Target and Sereduk. (Id. at 30.) On March 5, 2024, the state court overruled Defendants' Objections. (Id. at 64.) The case continued in state court, in which Plaintiff thereafter filed a Motion to Compel Discovery that was granted on July 9, 2024. (Doc. No. 6-8 at 2.) On July 30, 2024, the deposition of Defendant Sereduk was taken. (Doc. No. 1 at 66.)

On August 5, 2024, Plaintiff sent a 10-day Notice of Default to Defendants for failure to file an Answer. (Doc. No. 6-9 at 4.) On August 8, 2024, Defendants filed an Answer to the Complaint in state court. (Id. at 6-11 at 2.)

On the same day, August 8, 2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441, alleging that this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship jurisdiction. (Doc. No. 1.) The Notice of Removal states:

> 10.  At the time the Complaint was filed, and at the time this Notice is being filed, Target was, and is, a Minnesota Corporation, with a princip[al] place of business located in Minneapolis, Minnesota.
>
> 12.  Sereduk's alleged citizenship as alleged in the Plaintiff's Complaint should be disregarded for purposes of determining whether this case may be removed under 28 U.S.C. 1441(B) because he is a nominal party and/or has been fraudulently joined solely for the purpose of defeating jurisdiction.

3

43. Notwithstanding the foregoing evidence that demonstrates Sereduk was fraudulently joined in this action. Sereduk's true citizenship and residence at the time of the Incident, time of the filing of the Complaint, and now at the time of the filing of this Notice, is diverse and provides a basis for removal.

45. At the time of the Incident, time of filing of the Complaint, and currently, Sereduk was, and is, a citizen of New Jersey.

(Id. at ¶¶ 10, 12, 43, 45.) The essence of the statements made in Defendants' Notice of Removal is that the Complaint lists Defendants' addresses as 4000 Monument Road, the location of the Target store, but in actuality Target is a Minnesota corporation and Sereduk is a resident of New Jersey. (Id.) Therefore, diversity of citizenship jurisdiction exits. Attached to the Notice of Removal is an affidavit from Sereduk confirming that he is a citizen of New Jersey. (Id. at 76.)

On September 6, 2024, Plaintiff filed a timely Motion to Remand the case to state court.[4] (Doc. No. 6.) In Plaintiff's Motion, she avers that Sereduk was properly served in the Commonwealth of Pennsylvania so the case should not have been removed on the basis of diversity of citizenship jurisdiction. (Doc. No. 6-2 at 2.) She also argues that Defendants raised in their Preliminary Objections to Plaintiff's Complaint that Sereduk did not live at the location of the Target store, which was overruled in state court. (Id.)

On September 20, 2024, Defendants filed their Opposition to the Motion to Remand. (Doc. No. 7.) In their Opposition, Defendants again assert that Sereduk was fraudulently joined in this case for the sole purpose of defeating diversity jurisdiction and also that there are no colorable claims against him. (Id. at 7-9.)

---

[4] Pursuant to 28 U.S.C. § 1447(c), a motion to remand must be made within thirty (30) days after the filing of a notice of removal. Therefore, Plaintiff's Motion to Remand is timely.

4

On December 3, 2024, this Court held a hearing on Plaintiff's Motion to Remand. (Doc. No. 13.) At the hearing, Plaintiff raised another argument— that Defendants' removal is time-barred because they did not file the Notice of Removal within one (1) year after the action was commenced pursuant to 28 U.S.C. § 1446(c)(1), which, as noted above, states:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1).

Plaintiff avers that "commencement of the action" began when the Complaint was filed in state court, while Defendants argued that "commencement of the action" should be defined as when Defendants were served with the Complaint. The court then afforded the parties the opportunity to file supplemental memorandum in support of or in opposition to the Motion to Remand.[5]  Now, the Motion to Remand is ripe for disposition.

For the following reasons, Plaintiff's Motion to Remand (Doc. No. 6) will be granted.

## III. STANDARD OF REVIEW

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "For removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff

---

[5] The Court afforded the parties to file supplemental memorandum in support or in opposition of the Motion to Remand by December 10, 2024. Neither Plaintiff nor Defendants filed supplemental memoranda.

5

must be of diverse state citizenship from every defendant."[6]  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006) (citing Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)).

The general rule is that a notice of removal must be filed within thirty (30) days after receipt of the initial pleading by defendant.  See 28 U.S.C. §1446(b)(1).  But there is an exception:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(3).  And subsection (c) is important here.  As set forth earlier, it reads in relevant part:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

§ 1446(c)(1).  Stated differently, if a defendant becomes aware during litigation that the case is removable, he has thirty (30) days upon receipt of such notification to file a notice of removal, but the removal must nevertheless still be filed within one (1) year of the commencement of the action.

Moreover, under § 1446(c)(1), the court must consider whether "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Fraudulent joinder may

---

[6] Diversity of citizenship jurisdiction in federal court has its genesis in Article III, Section 2 of the United States Constitution, which provides that:  "The judicial power shall extend . . . to controversies between citizens of different states . . . ."  Diversity of citizenship jurisdiction has been codified in 28 U.S.C. § 1332(a), which, as quoted earlier, provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) Citizens of different States . . . .

28 U.S.C. § 1332(a).

constitute bad faith. When a defendant alleges fraudulent joinder, "where there is no reasonable basis in fact or colorable ground supporting the claim against [a] joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment," the court may find that defendant was fraudulently joined in the case. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). As such, "the court can 'disregard, for jurisdictional purposes, the citizenship of certain [non-diverse] defendants, assume jurisdiction over a case, dismiss the [non-diverse] defendants, and thereby retain jurisdiction.'" Briscoe, 448 F.3d at 216 (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).

A plaintiff may challenge removal to federal court by filing a motion to remand the case to state court. 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Id. Remand to state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). "[A]ny doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. 99-0929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999) (citations omitted).

IV.   ANALYSIS

At the hearing held on December 3, 2024, Defendants argued that they first discovered that Sereduk lived in New Jersey during his deposition held on July 30, 2024. And because Plaintiff is a citizen of Pennsylvania, and Defendant Target is a citizen of Minnesota, there is diversity jurisdiction to allow Defendants to remove this case to federal court. Therefore, they removed the case to federal court on August 8, 2024.

As noted above, Section 1446(b)(3) permits removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

7

<u>other</u> <u>paper</u> from which it may first be ascertained that the case is one which is or has become removable." [7] 28 U.S.C. § 1446(b)(3) (emphasis added).

Here, Defendants filed a Notice of Removal on August 8, 2024, nine (9) days after purportedly discovering during Sereduk's deposition on July 30, 2024 that he was diverse from Plaintiff. Therefore, they have satisfied the initial requirements of Section 1446(b)(3) by filing their Notice of Removal within thirty days after receiving information that diversity of citizenship jurisdiction exists between Plaintiff and Defendants.[8]

### A.   Defendants' Notice of Removal is Untimely Under § 1446(c)(1)

However, the Court's inquiry does not stop at the thirty (30) day point under § 1446(b)(3). A defendant has one (1) year to remove an action from its commencement in state court. Here, Plaintiff's Motion to Remand will be granted because pursuant to § 1446(c)(1), Defendants failed to file the Notice of Removal within one (1) year of the commencement of the action.

---

[7]   The Third Circuit has not explicitly determined whether deposition testimony constitutes "other paper" under the statue. <u>See</u>, e.g., <u>Papp v. Fore-Kast Sales Co.</u>, 842 F.3d 805, n.3 (3d Cir. 2016) (noting only that the plaintiff conceded that answers to deposition questions can be considered "other paper" under the removal statute but did not explicitly find that deposition testimony is in fact "other paper.") But district courts have construed the term to include an array of documents, including deposition testimony. <u>See</u> <u>Brown v. Rite Aid Corp.</u>, 415 F. Supp. 3d 588, 592 (E.D. Pa. 2019) ("The "other paper" term has been given an 'embracive construction,' and discovery, including deposition testimony. . . may qualify."); <u>Costa v. Verizon New Jersey, Inc.</u>, 936 F. Supp. 2d 455, 466 (D.N.J. 2013) (same); <u>Efford v. Milam</u>, 368 F.Supp.2d 380, 384 (E.D.Pa.2005) (noting that the Fifth, Sixth, and Tenth Circuits have held that deposition testimony and transcripts qualify as "other paper" under § 1446(b)) (citing cases). And because Plaintiff does not contest that Section 1446(b)(3) applies here, the Court will hold that deposition testimony falls under the "other paper" language in Section 1446(b)(3).

[8]   Counsel for Defendants Target and Sereduk began representing them when this case was in state court. It was filed on July 31, 2023, and defense counsel entered their appearance for Defendants on October 12, 2023. (<u>See</u> Case ID: 230703108.) Yet, defense counsel apparently waited until the deposition of Sereduk on July 30, 2024 to learn about his citizenship in New Jersey. The deposition was taken nine months after the representation began in state court. Counsel had sufficient opportunity to inquire about his citizenship before the deposition.

When analyzing 28 U.S.C. § 1446, the statute states that a case cannot be removed under subsection (b)(3) if removal occurs more than one (1) year after "commencement of the action." 28 U.S.C. § 1446(c)(1). Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. However, because the Federal Rules cover cases filed in federal court, not state court, courts refer to the Pennsylvania Rules of Civil Procedure for the definition of "commencement of the action" under the remand statute. See Namey v. Malcolm, 534 F. Supp. 2d 494, 497 (M.D. Pa. 2008) ("[T]he dispositive consideration is when the action commenced in state court.") Similar to the Federal Rule, the Pennsylvania Rule of Civil Procedure states, "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." Pa. R. Civ. P. No. 1007.

Here, Plaintiff commenced this action on July 31, 2023, when the Complaint was filed in the Philadelphia County Court of Common Pleas. (Doc. No. 1 at ¶ 1.) Defendants filed the Notice of Removal on August 8, 2024—over one (1) year after the Complaint was filed. Therefore, Defendants failed to file a timely Notice of Removal pursuant to § 1446(c)(1) and the case should be remanded for this reason.

**B.    No Equitable Considerations Would Extend the One Year Removal Requirement**

Section 1446(c)(1) provides an exception to the one (1) year time limit in which to file a Notice of Removal. If the court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action, the one (1) year period may be extended. 28 U.S.C. § 1446(c)(1). The Third Circuit has held that the one (1) year limit on removal is a procedural bar, not a jurisdictional one. A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 211 (3d Cir. 2014). Therefore, the court can analyze equitable considerations that could render the one (1) year time requirement inappropriate. Specifically, in their Notice of Removal, Defendants rely on

9

the notion that Sereduk was fraudulently joined to defeat the diversity of citizenship requirements of the federal statute. (Doc. No. 1 at ¶ 12.) The Court disagrees.

In analyzing a fraudulent joinder claim, the district court must accept all factual allegations in the complaint as true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). A fraudulent joinder inquiry is not governed by the Federal Rule of Civil Procedure 12(b)(6) standard, which is "more searching than that permissible when a party makes a claim of fraudulent joinder." See Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (observing "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). But "[t]o identify an indicia of fraudulent joinder, a court can look to more than just the pleading allegations." Ahern v. B.J.'s Wholesale Club, No. 19-3012, 2020 WL 1308216, at * 2 (E.D. Pa. Mar. 18, 2020) (quoting Briscoe, 448 F.3d at 218); see also Boyer, 913 F.2d at 112 (finding that a "limited piercing" of the pleadings to determine if there has been fraudulent joinder may be appropriate).

In sum, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (citation omitted). A defendant is fraudulently joined "if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Id. (quoting Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 32 (3d Cir. 1985)).

Here, the Court does not find that Defendants have met their burden of asserting that Plaintiff fraudulently joined Sereduk in this case. In Plaintiff's Complaint, she alleges, among

other things, that he failed to inspect, maintain, and exercise due and reasonable care of the premises which resulted in Plaintiff's injury.  (Doc. No. 1 at 18, ¶ 16.)  Moreover, attached to Plaintiff's Complaint is the Guest Incident Report detailing Plaintiff's accident, which Benjamin Sereduk signed as the representative on behalf of Target.  (Doc. No. 1 at 53.)  While Defendants argue that Sereduk had no involvement or any supervisory duties pertaining to the alleged dangerous condition, it is not "wholly insubstantial and frivolous" to conclude that Sereduk may have been involved in the supervision and maintenance of Target in some capacity during the incident.  See Batoff, 977 F.2d at 852; see also Gaynor v. Marriott Hotel Servs., Inc., No. 13-3607, 2013 WL 4079652, at **3–4 (E.D. Pa. Aug. 13, 2013) (finding that although the complaint failed to allege that the employee personally participated in the negligent conduct, the court was unable to conclude that the claims against him were wholly insubstantial and frivolous, because the complaint carried reasonable inferences of personal participation).  Therefore, there was a factual basis for Plaintiff to allege that Sereduk had some involvement in the alleged dangerous condition.

      Defendants ask the Court to consider Sereduk's deposition testimony to illustrate that he was not involved in the water being on the floor and that he was not the store manager at the time of the incident.  (See Doc. No. 1 at ¶ 32.)  But this argument is insufficient when deciding whether to remand a case to start court.  As noted above, courts have held that a "limited piercing" of the pleadings may be appropriate to decide whether there are colorable claims against a defendant.  See Boyer, 913 F.2d at 112.  Here, the Complaint and Sereduk's testimony show that Plaintiff had a good faith basis for alleging he was negligent and for making him a Defendant.

      Therefore, following the requirement that the removal statute should be strictly construed, and all doubts should be resolved in favor of remand, the Court will grant Plaintiff's timely Motion

to Remand (Doc. No. 6) because removal was not done within one (1) year of the commencement of the action in state court.[9]

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 6) will be granted. The case will be remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania. An appropriate Order follows.

---

[9] This finding is separate from the fact that Sereduk may be a citizen of New Jersey based upon his deposition testimony and affidavit and, as a result, there is complete diversity of citizenship. Even if there is complete diversity, the one (1) year period to remove a case to federal court still applies.